568

## Eckbreth v. McMahon

H. *Russell Stahlman*, for plaintiff.

*C. L. V. Acheson* and *Thomas L. Anderson*, for defendant.

BROWNSON, P. J., January 27, 1934.—In disallowing the three bills of costs filed by the plaintiff, the prothonotary correctly interpreted and applied rule of court 12($h$), which provides that bills of costs, with certain exceptions not relevant here, "must be filed . . . within 5 days after the continuance or trial," and that "no bill of costs shall be allowed unless it has been filed . . . within the time fixed by this rule." There was no error in making the order of disallowance.

The plaintiff, however, asks the court to relieve him, by an act of grace, from the operation of the limitation prescribed by this rule. We do not have here a case of an inadvertent failure to comply strictly with the letter of the rule, followed by a filing with such reasonable promptness after the expiration of the prescribed period that it could be said that the mischief which this rule is intended to prevent has been substantially avoided, and no harm has resulted from the default. In this instance, the bills of costs were not filed until a little more than 11 months after the rendition of the verdict which followed the last trial of the case. The judges all agree that, under these circumstances, to interfere with the action taken by the prothonotary would have the effect of breaking down the policy upon which this rule of court is based, no sufficient excuse for the long delay having been shown which would justify making the present case an exception to this regulation.

And now, January 27, 1934, the exceptions to the order made by the prothonotary are overruled, the order of disallowance is affirmed, and the appeal therefrom is dismissed; the costs of the appeal to be paid by the plaintiff.

From Harry D. Hamilton, Washington, Pa.